UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| DONEYDA PEREZ as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DIRECTV GROUP HOLDINGS, LLC, a Delaware Corporation, LONSTEIN LAW OFFICES, P.C., a New York Professional Corporation; SIGNAL AUDITING, INC., a New York Corporation; JULIE COHEN LONSTEIN; and WAYNE D. LONSTEIN,<br><br>Defendants. | CASE NO. 8:16-cv-01440-JLS-DFM<br><br>[~~PROPOSED~~] PROTECTIVE ORDER<br><br>[Discovery Document: Referred to Magistrate Judge Douglas F. McCormick]<br><br>Complaint Filed: August 4, 2016 |

## 1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that

the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. **GOOD CAUSE STATEMENT**

This action will involve personal identifying information, proprietary information and other confidential matters. These materials consist of, among other things: (i) customer/subscriber information, including but not limited to names, addresses, and phone numbers; (ii) business records and other materials that are confidential, proprietary, or trade secret, and for which disclosure would cause competitive advantage to the Disclosing Party's competitors or would otherwise diminish or harm the Disclosing Party's (or any other Defendants') standing in the marketplace, including but not limited to vendor agreements, vendor invoices, contractors, retainers, training materials, business policies and procedures, customer relationship policies, order fulfillment systems, customer management systems, budgeting processes, invoices, financial records, research studies, technical information, strategic forecasts, financial forecasts, accounting records; (iii) information and/or documents identified as confidential and/or proprietary in a written contract and/or agreement between parties to the Action and/or between a party to the Action and a non-party to the Action; (iv) personnel records and personnel files; (v) policies and procedures pertaining to the method of investigating, auditing and responding to commercial piracy, the disclosure of which would hinder such efforts and diminish the competitive value of such efforts; and (vi) any compensation records, tax records, asset records, payment records, investment records or any other financial records maintained as confidential.

1 Plaintiff disputes that all of category (i), most of category (ii), all of categories (iii) and (v) and some of category (vi) are appropriate items for coverage. Indeed, Plaintiff contends that most of these documents should not be subject to any level of protection.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that there is good cause why it should not be part of the public record in this case.

3. **DEFINITIONS**

3.1 Action: this pending lawsuit entitled *Doneyda Perez v. DIRECTV Group Holdings, LLC, et al.*, USDC Case No. CV 18-01440 JLS (DFMx) [sometimes designated as USDC Case No. 8:16-cv-01440-JLS-DFM].

3.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

3.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4 Counsel: attorneys employed by a Party to this Action, retained to represent or advise a Party to this Action, or affiliated with a law firm which has appeared on behalf of that Party. (as well as their support staff).

3.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as

3

"CONFIDENTIAL."

3.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

3.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.8 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

3.9 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their support staffs).

3.10 <u>Personal Identifying Information or "PII"</u>: addresses, telephone numbers, social security numbers or other information used to identify any individual.

3.11 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium and class action administrators) and their employees and subcontractors.

3.13 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

3.14 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

4. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted

from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. The Parties agree to negotiate a separate agreement in good faith and submit such agreement to the trial judge at least one week before the final pre-trial conference.[1]

## 5. DURATION

Unless made available to the public during trial, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice, and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications of extension of time pursuant to applicable law.

## 6. DESIGNATING PROTECTED MATERIAL

6.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take reasonable care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral

---

[1] The Parties recognize that any information or document used at trial, regardless of its status pursuant to this Stipulated Protective Order, will be presumptively available to all members of the public, including the press, unless the trial judge finds compelling reasons—supported by specific factual findings supporting the sealing of that information or document. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006).

or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

6.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 6.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). If only portions of a document qualify for protection, only those pages of the document will be identified.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which documents or materials it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents or materials it wants copied and produced, the Producing

Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). If only portions of a document qualify for protection, only those pages of the document will be identified.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify all protected testimony on the record, before the close of the deposition, hearing, or other proceeding. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days after receiving the deposition transcript to identify the specific portions of the testimony as to which protection is sought. The Designating Party must order the transcript at the time in order to invoke this provision. Only those portions of the testimony that are appropriately designated for protection at the time the testimony is given or within the 21 days defined in this provision shall be covered by the provisions of this Stipulated Protective Order.

Parties shall give the other Parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the Parties can collectively ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been

designated as Protected Material. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the "CONFIDENTIAL" legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. To avoid foreseeable substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party waives its right to challenge a confidentiality designation by electing not to provide the Designating Party of its intention to mount a challenge within thirty (30) days after the original designation is disclosed. A Challenging Party may provide notice to a Designating

Party as described in Section 7.2 below or, if the volume of documents produced is too voluminous to review within thirty (30) days, Receiving Party may notify Producing Party that review of the volume of documents produced will not be complete in the 30-day period, and that Receiving Party reserves its rights to challenge documents within a reasonable time after the 30-day period has expired. The Parties herein are then obligated to meet and confer and agree upon what that "reasonable time" will be. A Party may challenge a confidentiality designation after the 30-day period prescribed herein has passed only for good cause shown. The Parties hereto agree that the volume of documents produced and the reasonable time within which the Receiving Party may be expected to review such documents shall be one of the factors considered for the establishment of such good cause.

7.2 <u>Informal Attempt to Resolve</u>. To initiate a challenge, the Receiving Party must notify the Producing Party in a writing that complies with Local Rule 37-1's specific requirements and request a meet and confer within the 10 days referenced under Local Rule 37-1. If the Designating Party believes Receiving Party's 37-1 correspondence is technically non-compliant, unclear or insufficient to proceed with the Local Rule 37-1 process, it must so state within seven (7) days of receipt. If the parties are unable to resolve the dispute within 14 days after that meet and confer conference takes place, the Receiving Party may notify Designating Party of impasse and initiate the joint stipulation process for filing a motion with the Court.

7.3 <u>Status of Documents During Challenge</u>. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8. **ACCESS TO AND USE OF PROTECTED MATERIAL**

8.1 <u>Basic Principle</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with

this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Court.

    8.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a) the Receiving Party's Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this Action;

    (b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

    (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

    (d) the Court and its personnel;

    (e) court reporters and their staff;

    (f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

    (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    (h) during their depositions, witnesses and attorneys for witnesses in the Action to whom disclosure is reasonably necessary provided. The Parties are jointly responsible for requesting that (1) all witnesses sign the form attached as Exhibit A

hereto and (2) that witnesses not be permitted to keep any confidential information unless otherwise agreed by the Designating Party or ordered by the Court;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and/or

(j) any Party to the Action.

## 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" that Party must do all of the following:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order; and

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall do all of the following:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; and

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) Notwithstanding the provisions of Section 10(b) above, and so long as disclosure does not violate the Satellite Television Extension and Localism Act of 2010, the Cable Privacy Act, the Telecommunications Act, or any other federal or state law, Section 10(b) shall not apply to the confidential information of a putative class member unless the putative class member and the Disclosing Party have a negotiated confidentiality agreement other than those applicable to DIRECTV[1] subscribers generally.

(d) If the Non-Party receiving the notice specified in Section 10(b)(1) does

---

[1] As used here, the modifier "DIRECTV" refers to the satellite cable broadcasting service, branded "DIRECTV" and provided by DIRECTV, LLC.

not seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately do all of the following: (a) notify in writing the Designating Party of the unauthorized disclosures, and (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

## 13. MISCELLANEOUS

13.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to

disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

  13.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. This Stipulated Protective Order does not operate as the required grant of leave of the Court to file a document under seal; a sealing order will issue only upon a request establishing that the Protected Material at issue is entitled to protection under the law.

  13.4 Any Designating Party who files in the Court public file Protected Material is deemed to have waived the confidential designation with respect to the publicly filed version of that information and/or document(s) unless such filing is inadvertent.

  13.5 A Designating Party wishing to claim inadvertence under Section 13.4 must file, within 30 days of discovering the inadvertence, notice to the Court to all parties so that the Parties may meet and confer regarding the inadvertent disclosure pursuant to Local Rule 37-1. If the dispute remains unresolved the Designating Party must move to have the document either removed from the public court file and/or filed under seal.

  **14.** **FINAL DISPOSITION**

  Within 60 days of the final disposition of this action, as defined in paragraph 5, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing

Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 (DURATION).

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: _____ January 21 , 2020

_____
Hon. Douglas F. McCormick
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Doneyda Perez v. DIRECTV Group Holdings, LLC, et al.*, USDC Case No. CV 18-01440 JLS (DFMx) [sometimes designated as USDC Case No. 8:16-cv-01440-JLS-DFM]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____