MATTHEW H. MARMOLEJO (SBN 242964)
  *mmarmolejo@mayerbrown.com*
MAYER BROWN LLP
350 South Grand Avenue, 25th Floor
Los Angeles, California 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

ARCHIS A. PARASHARAMI (SBN 321661)
  *aparasharami@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3328
Facsimile: (202) 263-5328

Attorneys for Defendants
DIRECTV, LLC, DIRECTV Group Holdings, LLC, and DIRECTV Holdings, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| DONEYDA PEREZ as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DIRECTV GROUP HOLDINGS, LLC, a Delaware Corporation, LONSTEIN LAW OFFICES, P.C., a New York Professional Corporation; SIGNAL AUDITING, INC., a New York Corporation, JULIE COHEN LONSTEIN; and WAYNE M. LONSTEIN,<br><br>Defendants. | Case No. 8:16-cv-01440-JLS-DFM<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT DIRECTV, LLC'S MOTION FOR A PROTECTIVE ORDER PROHIBITING DISCLOSURE OF CLASS CONTACT INFORMATION AND STAYING CLASS DISCOVERY**<br><br>Honorable Douglas F. McCormick<br>Dept.: 6B, 6th Floor<br><br>Third Amended Complaint Filed: January 16, 2020<br><br>Hearing Date: None Set<br><br>[*Notice of Motion, Declaration of Matthew H. Marmolejo, Declaration of Andrew Edelstein, Declaration of Naama Shemesh, and Proposed Order filed concurrently herewith*] |

## **TABLE OF CONTENTS**

Page

I.   INTRODUCTION AND RELIEF REQUESTED ......................................... 1

II.   FACTUAL BACKGROUND ................................................................... 3

    A.   DIRECTV's Intended Motion to Deny Class Certification Based on Ms. Perez's Inability To Serve as a Class Representative ............... 3

    B.   Plaintiff's Counsel Seeks Discovery of Putative Class Members' Contact Information So They Can Identify and Contact an Alternative Class Representative ....................................................... 5

III.   ARGUMENT ............................................................................................ 7

    A.   Plaintiff May Not Obtain Class Discovery to Identify an Alternative Class Representative ....................................................... 7

    B.   A Protective Order Staying Class Discovery Is Warranted Here, Where the Motion to Deny Class Certification Will Be Dispositive ............................................................................................ 9

IV.   CONCLUSION ...................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bradbury v. T-Mobile USA, Inc.*,
  2009 WL 3388163 (N.D. Cal. Oct. 20, 2009) ........................................................ 9

*Flores v. EP2, Inc.*,
  2011 WL 13213898 (C.D. Cal. May 20, 2011) ...................................................... 9

*Jovel v. Boiron, Inc.*,
  2014 WL 1027874 (C.D. Cal. Feb. 27, 2014) ........................................................ 7

*Mandrigues v. World Savings, Inc.*,
  2008 WL 11388759 (N.D. Cal. June 20, 2008) ..................................................... 8

*Mlejnecky v. Olympus Imaging Am., Inc.*,
  2011 WL 489743 (E.D. Cal. Feb. 7, 2011) ............................................................ 9

*Navel Orange Admin. Comm. v. Exeter Orange Co.*,
  722 F.2d 449 (9th Cir. 1983) .................................................................................. 9

*Ossola v. Am. Express Co.*,
  2015 WL 5158712 (N.D. Ill. Sep. 3, 2015) ............................................................ 9

*Patten v. Deschamps*,
  2018 WL 6307895 (C.D. Cal. Sep. 7, 2018) ..................................................... 9, 10

*Quezambra v. United Domestic Workers of Am. AFSCME Local 3930*,
  2019 WL 8108745 (C.D. Cal. Nov. 14, 2019) (Staton, J.) .............................. 9, 10

*In re Williams-Sonoma, Inc.*,
  947 F.3d 535 (9th Cir. 2020) (attached for the Court's convenience
  as Exhibit A) ................................................................................................ 2, 7, 8

*In re Williams-Sonoma, Inc.*,
  No. 19-70522 (9th Cir. Mar. 30, 2020) .................................................................. 8

*Wilson v. Conair Corp.*,
  2016 WL 7742772 (E.D. Cal. June 3, 2016) ......................................................... 7

**Statutes**

47 U.S.C. § 338(i)(4)(A) .................................................................................... 5

47 U.S.C. § 551 ................................................................................................. 5

Lonstein Law ..................................................................................................... 5

Satellite Television Extension and Localism Act of 2010 ............................... 5

STELA .................................................................................................... 1, 6, 10

**Other Authorities**

Local Rule 7-3 .............................................................................................. 1, 7

Request Nos. 29 & 30 ....................................................................................... 4

Rule 26(b)(1) ................................................................................................ 2, 8

iii
MEMORANDUM ISO MOTION FOR A PROTECTIVE ORDER, CASE NO. 8:16-CV-01440-JLS-DFM

## I. INTRODUCTION AND RELIEF REQUESTED

DIRECTV brings this motion to prevent Plaintiff Doneyda Perez and her counsel from making improper use of the discovery process in violation of squarely applicable Ninth Circuit precedent.

The March 2020 deposition of Ms. Perez made it plain that she cannot serve as a class representative in this case for two independent reasons.

First, Ms. Perez's deposition testimony on a key issue at the heart of this dispute—whether she ordered and received DIRECTV service at her residence rather than at her business—flatly contradicted an earlier declaration she had made. As we explain below, because both statements cannot be true, it is clear that she made a false statement under oath as to a material fact.

Second, after being confronted on the first day of her deposition with a relevant Facebook photograph that she neglected to produce, Ms. Perez proceeded to *delete* certain photographs from both her phone and her Facebook account before returning to the deposition the next day. Making matters worse, Ms. Perez and her counsel then terminated the deposition prematurely, refusing to answer questions about her deletion of evidence.

Following these events, the Court rightly observed that Ms. Perez's conduct "raises . . . questions concerning spoliation of evidence and her adequacy as a class representative." Dkt. No. 251, at 2. DIRECTV plans to move to deny class certification on the basis that Ms. Perez is an inadequate and atypical class representative. That motion will be filed on Monday—that is, as soon as the 7-day period under Local Rule 7-3 has expired.

Recognizing that DIRECTV would challenge Ms. Perez's deficiencies as a putative class representative, her counsel complained that Defendants had not yet produced certain documents and information related to putative class members other than Ms. Perez—including a list of individuals who received the so-called STELA notice and did not opt out, which Ms. Perez's counsel (inaccurately) refers to as "the

class list." In discussions and correspondence with DIRECTV's counsel over the past two weeks, Ms. Perez's counsel acknowledged that they wanted this information so they could identify and contact potential substitute class representatives. Then, on Saturday, April 25—shortly after learning that DIRECTV intended to file a motion to disqualify Ms. Perez—her counsel announced that they would move *ex parte* for the immediate production of this information so they could find an alternative representative before Ms. Perez was disqualified. This request (which Ms. Perez is making in a separate, contemporaneously-filed motion, pursuant to the parties' agreement) lacks merit for a number of reasons, which will be addressed in more detail in DIRECTV's forthcoming opposition to that motion. However, the most critical error underlying Ms. Perez's demand is that ***it is impermissible to obtain discovery for the purpose of identifying a new plaintiff***.

The Ninth Circuit considered this precise issue just three months ago in *In re Williams-Sonoma, Inc.*, 947 F.3d 535 (9th Cir. 2020) (attached for the Court's convenience as Exhibit A). In that case, the district court had permitted a plaintiff to obtain discovery to "aid[] his counsel's attempt to find [a new named plaintiff] who might be willing to sue." *Id.* at 538. The defendant sought a writ of mandamus. Despite "the drastic and extraordinary nature of that remedy," the Ninth Circuit granted the writ, holding that the district court had committed "clear error" by permitting this discovery. *Id.* at 538-39. As the court explained, "using discovery to find a client to be the named plaintiff before a class action is certified is not within the scope of Rule 26(b)(1)." *Id.* at 540.

Yet Ms. Perez's counsel is now attempting to do just that. The Court should not countenance this desperate and improper bid to identify a new plaintiff almost ***four years*** after this action was originally brought. Accordingly, DIRECTV respectfully requests that this Court enter a protective order (a) prohibiting the disclosure of putative class members' names and contact information to Ms. Perez and her counsel and (b) staying discovery with respect to putative class members

other than Ms. Perez pending the outcome of DIRECTV's motion to deny class certification.

## II. FACTUAL BACKGROUND

### A. DIRECTV's Intended Motion to Deny Class Certification Based on Ms. Perez's Inability To Serve as a Class Representative.

In her complaint, Ms. Perez contends that DIRECTV targets small-business owners by intentionally misclassifying businesses' DIRECTV service as (lower-cost) residential accounts. Third Amended Compl. (TAC) ¶¶ 5, 8, 17. Thus, one of DIRECTV's key defenses against Ms. Perez is its contention that, in fact, Ms. Perez's satellite service was ordered at her residence and the relevant satellite equipment was delivered to her home. The questions of *which* type of satellite service Ms. Perez had (*i.e.*, residential or business), and *where* and *when* that service was located are at the heart of this case.

Here, Ms. Perez has offered directly contradictory testimony under oath on this topic. In November 2016, Ms. Perez submitted to this Court a sworn declaration that she had received DIRECTV service **both** at her residence and her business. Declaration of Matthew Marmolejo ("Marmolejo Decl.") Ex. C (Nov. 1, 2016 Perez Declaration) at ¶ 7. At her deposition, Ms. Perez affirmed that she would "swear again or sign again that [she is] telling the truth" today. *Id.* Ex. D at 117:10-118:14. But then Ms. Perez changed her story, stating that her sworn declaration was not accurate because she in fact "did **not** have DIRECTV in [her] house." *Id.* at 120:7-121:1 (emphasis added). Unable to explain this discrepancy, Ms. Perez ultimately stated: "I don't know if [the declaration is] incorrect. That's for the attorneys and you to decide." *Id.* at 136:3-5.

As if this apparent perjury were not serious enough, her conduct during the deposition raised even more concerns about her ability to serve as a class representative. Months beforehand, DIRECTV had served discovery requests for the production of all photographs of Ms. Perez's house and business, as those

demonstrate where and when the applicable satellite service was installed. Marmolejo Decl. Ex. E at 9 (Request Nos. 29 & 30). The Court ordered Ms. Perez to produce these documents before the deposition, and her counsel confirmed in writing that she had done so. *Id.* Ex. F at 12:15-24; *id.* Ex. G at 1. But that was not true. In preparing for the deposition, DIRECTV discovered that Ms. Perez had failed to produce photographs of her home that she had uploaded to her Facebook page. On the first day of her deposition, DIRECTV's counsel confronted Ms. Perez with one such photograph showing the satellite installation on Ms. Perez's home at a critical time period. Marmolejo Decl. Ex. H (Dep. Ex. 3); *id.*, Ex. D at 152:8-154:24. Faced with this evidence, Ms. Perez acknowledged there was, in fact, a satellite dish installed at her house, and that she had not searched her social media accounts for responsive documents. *Id*. Ex. D, 57:18-20.

Ms. Perez left the deposition that evening and proceeded to "delete[] a lot of photographs" from her cell phone and Facebook account. *Id*., 306:3-9, 314:8-14. The next day—the second scheduled day of her deposition—she admitted she had done so, but did not identify which materials she deleted or provide any details about the content of photographs on her phone and Facebook. *Id.* at 314:22-315:6, 316:15-18. Ms. Perez additionally admitted that she had "deleted a lot of photographs" from Facebook a few days prior to the deposition. *Id.* at 314:8-14. Before DIRECTV and other defendants could ask Ms. Perez additional questions about her apparent spoliation of evidence, her counsel unilaterally terminated the deposition because Ms. Perez was "no longer able at this point to give her best testimony today." *Id.* at 331:1-7.

///
///
///
///
///

### B. Plaintiff's Counsel Seeks Discovery of Putative Class Members' Contact Information So They Can Identify and Contact an Alternative Class Representative.

Plaintiffs' counsel has propounded discovery requests on DIRECTV and other defendants—most recently on April 15—seeking documents and information regarding potential class members other than Ms. Perez. *See generally*, *id.* Ex. I.

As the Court knows, release of DIRECTV subscriber data first requires notice pursuant to the Satellite Television Extension and Localism Act of 2010 ("STELA") and other federal statutes. *E.g.*, 47 U.S.C. § 338(i)(4)(A); 47 U.S.C. § 551. To that end, DIRECTV and other defendants have worked together to attempt to assemble a list of DIRECTV subscribers that may have been contacted by the Lonstein Law Office (the "Lonstein List"). Plaintiff's counsel sometimes refer to the Lonstein List as the "class list," as they consider the individuals on the Lonstein List to be potential members of the putative class in this litigation. *See, e.g.*, Marmolejo Decl. Ex. A at 4; *id.* Ex. B at 2.

In recent calls and correspondence over the past few weeks, Plaintiff's counsel has made clear to DIRECTV's counsel that they wanted to obtain a copy of the Lonstein List and other discovery unrelated to Ms. Perez because those documents would allow them to identify an alternative named plaintiff who, unlike Ms. Perez, would not face similar challenges to their ability to serve as a class representative.

On April 17, 2020, one of Plaintiff's counsel—Lisa Clay—contacted DIRECTV's counsel to ask whether DIRECTV would agree to an early production of documents and information related to certain unidentified DIRECTV customers. Marmolejo Decl. ¶ 2. In the course of that conversation, Ms. Clay acknowledged that, following the testimony given at Ms. Perez's deposition, Plaintiff's counsel were now "diligently" looking for potential alternative plaintiffs. *Id.* ¶ 3. Ms. Clay represented that Plaintiff's counsel were seeking this additional discovery in connection with that effort. *Id.*

On April 22, 2020, Ms. Clay sent a letter to defendants' counsel that, *inter alia*, complained about a delay in the production of the Lonstein List. *Id.* Ex. A.[1] Ms. Clay stated that as a result of this delay, "Plaintiff remains deprived of access and the ability to contact putative class members, knowing that Defendants are chomping [sic] at the bit to disqualify their current class representative." *Id.* at 5.

On April 24, 2020, Plaintiff's other counsel, Katherine Odenbreit, spoke with DIRECTV's counsel regarding delays in Ms. Perez's errata to her deposition transcript. Declaration of Andrew Edelstein ("Edelstein Decl.") ¶¶ 2-4; Declaration of Naama Shemesh ("Shemesh Declaration") ¶ 2. During that conversation, DIRECTV's counsel noted that Ms. Perez's deposition called into doubt her ability to be a class representative and that DIRECTV planned to move the Court as soon as possible to resolve that issue. Edelstein Decl. ¶ 5; Shemesh Decl. ¶ 3. Ms. Odenbreit responded that she hoped DIRECTV was not attempting to resolve this issue before Plaintiff's counsel obtained the "class list," referring to the Lonstein List. Edelstein Decl. ¶ 6; Shemesh Decl. ¶ 3. Ms. Odenbreit stated that she was confident that Plaintiff's counsel would be able to obtain one or two more class representatives when they received the Lonstein List. Edelstein Decl. ¶ 6; Shemesh Decl. ¶ 3.

On April 25, 2020, Ms. Odenbreit sent an email to the defendants' counsel informing them that Ms. Perez intended to file an *ex parte* application seeking early disclosure of the Lonstein List and other information related to putative class members other than Ms. Perez. Marmolejo Decl. Ex. B. Ms. Odenbreit explained that the application was aimed at halting DIRECTV from "trying to prevent Plaintiff from ever obtaining the putative class list"—*i.e.*, the Lonstein List—"by filing a pre-emptive motion to disqualify Ms. Perez as a class representative." *Id.* at 2.

---

[1] As Plaintiff's counsel acknowledged in a sworn declaration to the Court, the parties had agreed to this delay due to a concern that individuals on the Lonstein List had not yet received notice under STELA and other privacy statutes because of the COVID-19 pandemic. *See* Marmolejo Decl. Ex. J ¶ 9 (April 22, 2020 Declaration of Katherine J. Odenbreit).

## III. ARGUMENT

### A. Plaintiff May Not Obtain Class Discovery to Identify an Alternative Class Representative.

As DIRECTV will explain more fully in its motion to deny class certification, Ms. Perez's inconsistent testimony and her attempt to destroy evidence are more than sufficient grounds to disqualify Ms. Perez as a class representative. *See, e.g.*, *Jovel v. Boiron, Inc.*, 2014 WL 1027874, at *3 (C.D. Cal. Feb. 27, 2014) ("The honesty and credibility of a class representative is a relevant consideration when performing the adequacy inquiry because an untrustworthy plaintiff could reduce the likelihood of prevailing on the class claims."); *Wilson v. Conair Corp.*, 2016 WL 7742772, at *4 (E.D. Cal. June 3, 2016) (finding plaintiff inadequate in part because plaintiff destroyed cellphone containing evidence). DIRECTV therefore intends to move to deny class certification based on Ms. Perez's inadequacy. The parties met and conferred on DIRECTV's motion on April 27, and DIRECTV intends to file its motion on Monday (May 4)—immediately after the 7-day period under Local Rule 7-3 has expired. *See* Marmolejo Decl. ¶ 6.

Plaintiff's counsel have admitted that they want the Lonstein List so that they can "contact putative class members" to find a new named plaintiff, recognizing that DIRECTV intends to move "to disqualify their current class representative." *Id.* Ex. A at 5; *see also id.* ¶¶ 2-3. Indeed, Plaintiff's counsel's decision to move on an expedited basis to demand disclosure of the Lonstein List underscores the real purpose of their request: to use the Lonstein List to find a replacement plaintiff before the Court has an opportunity to address DIRECTV's motion challenging Ms. Perez's ability to serve. *See id.* Ex. B at 2. Although the candor of Plaintiff's counsel on this point is appreciated, this type of "discovery" is plainly impermissible.

The Ninth Circuit addressed this exact issue in *In re Williams-Sonoma, Inc.*, 947 F.3d 535 (9th Cir. 2020). In that case, the named plaintiff—a Kentucky citizen—could not represent a putative nationwide class of purchasers because Kentucky law

prohibited class claims. *Id.* at 537-38. Thus, the plaintiff sought to discover from the defendant a list of other purchasers of the relevant products, as that would "aid[] his counsel's attempt to find [another] purchaser . . . who might be willing to sue." *Id.* at 538. After the district court granted plaintiff's request, the defendant sought a writ of mandamus from the Ninth Circuit. Despite the "drastic and extraordinary nature of that remedy, and the fact that [defendant] ha[d] the weighty burden of convincing [the court] to prescribe it," the Ninth Circuit granted the writ. *Id.* at 538.

In doing so, the Ninth Circuit held that "[t]he district court ***clearly erred as a matter of law*** when it ordered the discovery in question." *Id.* at 540 (emphasis added). The court explained that Federal Rule of Civil Procedure 26(b)(1) limits discovery to matter that is "relevant to any party's claim or defense," and "the Supreme Court has determined that seeking discovery of the name of a class member . . . is not relevant within the meaning of that rule." *Id.* at 539-40 (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-53 (1978)). Therefore, "using discovery to find a client to be the named plaintiff before a class action is certified" is not permitted by the Federal Rules. *Id.* at 540.[2] The plaintiff sought *en banc* review of this decision, but the Ninth Circuit denied that request. *See* Order Denying Petition for Rehearing En Banc, *In re Williams-Sonoma, Inc.*, No. 19-70522 (9th Cir. Mar. 30, 2020).

Here, *Williams-Sonoma* requires that the Court prohibit production of the Lonstein List. Just as in *Williams-Sonoma*, Plaintiff's counsel have made clear that they want the Lonstein List to "find a client to be [a] named plaintiff." 947 F.3d at 540. And just as in *Williams-Sonoma*, the names and contact information for any putative class members included on the Lonstein List are irrelevant to Ms. Perez's own claim and therefore "not within the scope of Rule 26(b)(1)." *Id.* at 539-40; *see also, e.g.*, *Mandrigues v. World Savings, Inc.*, 2008 WL 11388759, at *1 (N.D. Cal. June 20, 2008) ("[C]ourts have ordinarily refused to allow discovery of class

---

[2] The court found this was impermissible even though the plaintiff "contend[ed] that the information sought in discovery was relevant to class certification issues, such as commonality, typicality, ascertainability, and reliance." *Id.*

members' identities at the pre-certification stage" when "plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness for certification."); *Flores v. EP2, Inc.*, 2011 WL 13213898, at *1 (C.D. Cal. May 20, 2011) ("[T]he court will not permit Plaintiff to use the power of the court to solicit claims"); *Bradbury v. T-Mobile USA, Inc.*, 2009 WL 3388163, at *1 (N.D. Cal. Oct. 20, 2009) (rejecting plaintiff's request for "discovery to find a putative class member who will replace him"); *Ossola v. Am. Express Co.*, 2015 WL 5158712, at *8 (N.D. Ill. Sep. 3, 2015) ("[Plaintiffs' counsel] need discovery to identify an appropriate representative. But it bears repeating that fishing for a client is not a permissible purpose of discovery."). Accordingly, a protective order prohibiting production of this information is warranted and necessary. *See Navel Orange Admin. Comm. v. Exeter Orange Co.*, 722 F.2d 449, 454 (9th Cir. 1983) (protective order is appropriate to bar discovery into matters that are "irrelevant and immaterial").

### B. A Protective Order Staying Class Discovery Is Warranted Here, Where the Motion to Deny Class Certification Will Be Dispositive.

The Federal Rules of Civil Procedure permit "a party [to] seek [a protective] order staying discovery pending the outcome of a potentially dispositive motion." *Quezambra v. United Domestic Workers of Am. AFSCME Local 3930*, 2019 WL 8108745, at *1 (C.D. Cal. Nov. 14, 2019) (Staton, J.). As Judge Staton has explained, "district courts across California" typically use a two-part test when deciding whether to grant such an order. *Id.* at *2. That test "provid[es] that it is appropriate to stay discovery if (1) the pending motion is potentially dispositive of the entire case, *or at least dispositive on the issue at which discovery is aimed*, and (2) the pending, potentially dispositive motion can be decided absent additional discovery." *Id.* (emphasis added; citations and internal quotation marks omitted); *see also, e.g.*, *Patten v. Deschamps*, 2018 WL 6307895, at *1 (C.D. Cal. Sep. 7, 2018) (applying same test); *Mlejnecky v. Olympus Imaging Am., Inc.*, 2011 WL 489743, at *6 (E.D.

Cal. Feb. 7, 2011) (collecting cases). If these requirements are met, a stay of discovery will "further[] the goal of efficiency for the court and litigants." *Patten*, 2018 WL 6307895, at *1 (quoting *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

Here, the pending motion to deny class certification will resolve whether claims on behalf of a putative class may proceed, which is "the issue at which discovery is aimed." *Quezambra*, 2019 WL 8108745 at *2. Likewise, the pending motion is based on events that have already occurred (*see infra* § II.A), and additional discovery—especially class discovery, which has no bearing on the particular issues that make Ms. Perez inadequate—is unnecessary to its resolution. Thus, "both elements are satisfied," and the deferral of class discovery is accordingly warranted. *Id.* at *2; *see also, e.g.*, *Patten*, 2018 WL 6307895, at *2 (staying discovery pending resolution of motion to dismiss).[3]

Of course, if DIRECTV's motion to deny class certification is denied and the Court determines that Ms. Perez *is* permitted to serve as a class representative, class discovery may move forward as appropriate, and Ms. Perez will not have been prejudiced. *See, e.g.*, *Patten*, 2018 WL 6307895, at * 2 ("[I]f [defendants' motion] is denied, the brief delay in discovery that will result from the stay will not prejudice any party"). Indeed, the defendants recently agreed to give plaintiff's counsel an extension of *227 days*—more than *seven months*—to file their motion for class certification (*see* Dkt No. 265 at 8), and the Court entered an order granting that extension (*see* Dkt No. 267). Ms. Perez therefore will have ample time to complete any necessary class discovery after DIRECTV's motion is resolved. And DIRECTV remains open to agreeing to further extensions as appropriate in the unlikely event

---

[3] Notwithstanding its request for a protective order staying class discovery, DIRECTV is willing to produce by June 1 relevant documents and information related to the "Pilot Program" of 25 DIRECTV subscribers (provided that they have in fact received notice under the relevant federal privacy statutes (such as STELA) and not opted out), so long as the contact information for those subscribers is redacted.

that Ms. Perez is permitted to pursue her claims on a class-wide basis despite her misconduct.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant DIRECTV's motion and enter a protective order (a) prohibiting the disclosure of putative class members' names and contact information to Ms. Perez and her counsel and (b) staying discovery with respect to putative class members other than Ms. Perez pending the outcome of DIRECTV's motion to deny class certification.

Dated: May 1, 2020

Respectfully submitted,

MAYER BROWN LLP
Matthew H. Marmolejo
Archis A. Parasharami

By: /s/Matthew H. Marmolejo

Matthew H. Marmolejo
*Attorneys for Defendant DIRECTV, LLC*