UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SA CV 16-01440-JLS (DFMx) | Date: | May 14, 2020 |
|---|---|---|---|
| Title | Doneyda Perez v. DirecTV Group Holdings, LLC et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order re Discovery Disputes (Dkts. 273, 284)

Plaintiff Doneyda Perez ("Plaintiff") moves to compel Defendant DirecTV ("DirecTV") to disclose the names and contact information of putative class members as well as documents related to certain DirecTV subscribers. See Dkt. 273. DirecTV opposes the motion and separately moves for a protective order prohibiting the disclosure of putative class members' names and contact information. See Dkts. 276, 284.

For the reasons discussed below, Plaintiff's Motion is GRANTED and DirecTV's Motion is DENIED.

I.  BACKGROUND

In this putative class action, Plaintiff contends that DirecTV targeted small-business owners by intentionally misclassifying businesses' DirecTV service as (lower-cost) residential accounts. No class has yet been certified.

In mid-2019, Plaintiff served written discovery requests seeking the identity and contact information of DirecTV subscribers contacted by the Lonstein Law Office (the "Lonstein List"). DirecTV agreed to produce the Lonstein List to a third-party administrator who, after twenty-one (21) days from the date of distribution would provide the list, excluding opt-outs, to Plaintiff's counsel. Defendants also agreed to produce documents for twenty-five (25) subscribers on the Lonstein List (the "Pilot Packets"). To date, neither the Lonstein List nor Pilot Packets have been produced.

On May 4, 2020, DirecTV filed a motion to deny class certification, arguing that Plaintiff cannot satisfy the Rule 23(a) requirements of adequacy and typicality. See Dkt. 278. On May 7,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Judge Staton struck DirecTV's motion, ruling that it would be efficient to address DirecTV's arguments in the context of Plaintiff's class certification motion. See Dkt. 282.[1]

## II.  DISCUSSION

Rule 26 limits discovery to "matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). DirecTV argues that Plaintiff's counsel wants the Lonstein List for the primary purpose of finding a substitute class representative, and that such discovery does not satisfy Rule 26 in light of In re Williams-Sonoma, Inc., 947 F.3d 535 (9th Cir. 2020). Plaintiff responds that Williams-Sonoma is distinguishable.

Williams-Sonoma addressed a putative class action brought by a Kentucky resident based on alleged misrepresentations regarding the thread count of Williams-Sonoma's linens. Before a class was certified, the district court determined that the plaintiff's claims were governed by Kentucky law, and that Kentucky consumer law prohibited class actions. See id. at 538. The plaintiff thereafter sought discovery that admittedly was "for the sole purpose of aiding his counsel's attempt to find a California purchaser of bedding from Williams Sonoma who might be willing to sue." Id. The district court ordered Williams-Sonoma to produce a list of all California customers who purchased bedding products of the type referred to in the complaint. See id. The Ninth Circuit determined that "using discovery to find a client to be the named plaintiff before a class action is certified is not within the scope of Rule 26(b)(1)," and on that basis it granted Williams-Sonoma's petition for a writ of mandamus directing the district court to vacate its discovery order. Id. at 540.

Unlike Williams-Sonoma, Plaintiff remains a party to this action and no determination has been made regarding her adequacy as a class representative. DirecTV's contention that Plaintiff engaged in spoliation of evidence may have Plaintiff up against the ropes, but she has not yet been counted out, in contrast to the plaintiffs in several cases that DirecTV cites. See, e.g., Dkt. 284 at 8-9 (citing Flores v. EP2, Inc., No. 09-07872, 2011 WL 13213898, at *1 (C.D. Cal. May 20, 2011) (denying plaintiffs request to use discovery to find a replacement representative when all named class representatives had been dismissed and the case was still precertification); Bradbury v. T-Mobile USA, Inc., No. 06-06567, 2009 WL 3388163, at *1 (N.D. Cal. Oct. 20, 2009) (denying plaintiff's motion to compel names and contact information of putative class members where discovery was sought to "find a putative class member who will replace him")). Also unlike Williams-Sonoma, the class list discovery here was not sought solely to identify a new class representative, see 947 F.3d at 538, but also to support Plaintiff's class certification arguments and her expert's damages model, matters that are relevant to her claims and defenses under Fed. R. Civ. P. 26(b)(1).

---

[1] After this order, DirecTV withdrew its request for a stay of discovery pending the outcome of its motion to deny class certification. See Dkt. 283.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Moreover, the Ninth Circuit has favored "allowing class contact discovery unless it is apparent that Plaintiff cannot maintain the action on behalf of the class." Goundar v. Redfin Corp., No. 13-3698, 2014 WL 12524649, at *2 (C.D. Cal. July 21, 2014). Considering Judge Staton's order, it appears that there will be no adequacy ruling for at least six months. During that time, Plaintiff is "entitled to equal access to persons who potentially have an interest or relevant knowledge of the subject of the action, but who are not yet parties." Arredondo v. Sw. & Pac. Specialty Fin., Inc., No. 18-1737, 2019 WL 6128657, at *3 (E.D. Cal. Nov. 19, 2019) (internal quotation marks, citation, and alteration omitted).

DirecTV repeatedly asserts that Plaintiff's counsel true intention is to find a new class representative. But Plaintiff served her discovery requests at issue in July 2019, approximately nine months before Plaintiff's deposition, when the parties first became aware of Plaintiff's potential adequacy issues. And the Court spent numerous hours with the parties well before Plaintiff's deposition working through the myriad issues presented by these requests. These facts undermine DirecTV's contention that Plaintiff's counsel seeks this discovery solely to find a new class representative.

The Court concludes that Plaintiff's discovery is relevant under Rule 26 and is not foreclosed by Williams-Sonoma. Accordingly, Plaintiff's Motion is GRANTED. DirecTV's Motion is DENIED. The Court thus ORDERS as follows:

1. JND Legal Administration shall provide Plaintiff's counsel the Lonstein List, excluding opt-outs, on or before June 8, 2020;

2. Defendants shall produce the 25 Pilot Packets by June 8, 2020; and

3. The parties shall appear for a telephonic status conference as to outstanding written discovery disputes on June 2, 2020, at 11:00 a.m. The Clerk will circulate call-in information to the parties before that date.