MATTHEW H. MARMOLEJO (SBN 242964)
 mmarmolejo@mayerbrown.com
MAYER BROWN LLP
350 South Grand Avenue, 25th Floor
Los Angeles, California  90071-1503
Telephone:   (213) 229-9500
Facsimile:   (213) 625-0248

ARCHIS A. PARASHARAMI (SBN 321661)
 aparasharami@mayerbrown.com
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone:   (202) 263-3328
Facsimile:   (202) 263-5328

Attorneys for Defendant
DIRECTV, LLC, DIRECTV Group Holdings, LLC, and DIRECTV Holdings, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| DONEYDA PEREZ as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DIRECTV GROUP HOLDINGS, LLC, a Delaware Corporation, LONSTEIN LAW OFFICES, P.C., a New York Professional Corporation; SIGNAL AUDITING, INC., a New York Corporation, JULIE COHEN LONSTEIN; and WAYNE M. LONSTEIN,<br><br>Defendants. | Case No. 8:16-cv-01440-JLS-DFM<br><br>**DECLARATION OF JULIAN ACKERT IN SUPPORT OF DEFENDANT DIRECTV, LLC'S REPLY MEMORANDUM IN SUPPORT OF BRIEF REGARDING FORENSIC ANALYSIS OF PLAINTIFF'S PHONE**<br><br>Honorable Douglas F. McCormick<br>Dept.: 6B, 6th Floor<br><br>Third Amended Complaint Filed: January 16, 2020<br><br>Hearing Date: December 4, 2020 at 10 AM<br><br>[*Reply Memorandum filed concurrently herewith*] |

**DECLARATION OF JULIAN ACKERT**

I, Julian Ackert, declare as follows:

1. I am over the age of eighteen (18) years old and am competent to make this Declaration. Except as otherwise indicated, I have personal knowledge of the matters stated herein and could and would competently testify thereto if called as a witness. I submit this Declaration in support of DIRECTV, LLC's ("DIRECTV") Reply Memorandum in Support of Brief Regarding Forensic Analysis of Plaintiff's Phone.

**Background and Professional Qualifications**

2. I am a Managing Director at iDiscovery Solutions, Inc. ("iDS"), an expert services and consulting firm that provides independent computer forensics, electronic discovery expert testimony and analysis, original authoritative studies, and strategic consulting services to the business and legal community.

3. I have over 20 years of experience in consulting and litigation technologies that focus on electronic discovery and computer forensics. I have a Bachelor of Science degree in Computer Science from the University of Virginia. A true and correct copy of my curriculum vitae is attached hereto as Exhibit A, which describes that experience including all articles and testimony I have completed over the last ten years.

4. Specifically, I have extensive experience creating and implementing preservation, collection, and production strategies and performing computer forensics and metadata analysis on electronic data, including mobile device ESI and cloud-based ESI such as social media sites.

5. This declaration is based on my knowledge, my years of experience, my training, my education, and the information provided to date. The opinions provided herein are given to a reasonable degree of professional certainty.

**Materials Reviewed**

6. In preparation of this declaration, I have reviewed the following:

      a.    Forensic examination Revised Statement of Work, dated July 9, 2020 ("SOW");

      b.    Plaintiff's Response in Opposition to DIRECTV's Brief Regarding Forensic Analysis of Plaintiff's Phone, document 477 filed November 17, 2020; and

      c.    Declaration of Expert Andrew Garrett in Support of Plaintiff's Opposition to DIRECTV, LLC's Brief Regarding Forensic Inspection of Plaintiff's Cell Phone, document 477-3 filed November 17, 2020.

**File Carving**

7. Cellebrite Physical Analyzer, the forensic analysis application referenced in the SOW[1], provides the forensic investigator an option to carve for deleted image files. This file carving process requires minimal interaction from the forensic technician to initiate – estimated to be approximately ½ hour of time, or $175. While carving for deleted image files may not provide an exact deletion date, there is a low-cost process by which a deletion date range can be identified for certain carved image files as further described below.

8. When implementing techniques to recover deleted data through file carving, there are two types of deleted data sets that can be recovered - partially recovered deleted data, often referred to as deleted file fragments, and fully recovered deleted data. The resulting set of carved image files needs to be analyzed, and Mr. Garrett's opinion on the burden of this analysis involves a manual review of each carved image, whether partial or fully recoverable. However, there is an alternative analysis approach that does not require a manual review of each carved image.

---

[1] Statement of Work, page 1

9. Specifically, the alternative approach programmatically analyzes the available internal metadata for each carved image file. While partially recovered image files or file fragments may not have available internal metadata, fully recovered image files are much more likely to have available internal metadata. This internal metadata can be leveraged to ascertain a deletion date range for the carved image file. As an example, for a phone that was imaged in March 2020, carved image files recovered from that phone with an internal creation metadata date of February 2020 would indicate that the image file was deleted between February 2020 and March 2020.

10. By leveraging this alternative approach, the level of effort to identify a deletion date range for carved images can be limited to just a few hours of forensic investigator time. As Mr. Garrett indicated in paragraphs 10 and 28 of his declaration, there is the possibility that carved data could contain information regarding the deletion date range. Defendant DIRECTV would be able to identify potential deletion date ranges for carved images with a few hours of forensic analysis time, resulting in a cost that is presumably significantly lower than the $50,000 - $67,000 that Mr. Garrett quotes.[2]

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on December 1, 2020 in Washington, D.C.

By: _____
Julian Ackert

---

[2] Garrett Declaration, paragraph 30