Kevin Mahoney (SBN: 235367)
kmahoney@mahoney-law.net
Katherine J. Odenbreit (SBN: 184619)
kodenbreit@mahoney-law.net
Kate Nicole G. Blanco (SBC: 31344)
Kblanco@mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 East Ocean Blvd., Suite 814
Long Beach, CA  90802
Telephone: (562) 590-5550
Facsimile: (562) 590-8400

Lisa L. Clay (*Pro Hac Vice*)
lisa@clayatlaw.com
**LISA L. CLAY, ATTORNEY AT LAW**
2100 Manchester Road, Suite 1612
Wheaton, IL 60187
Telephone: (630) 456-4818

Attorneys for Plaintiffs DONEYDA PEREZ, DANNY NISSEN, MARLYS NISSEN, JOSEPH ANGELO, GREGOGRY LAPLANTE and PAUL HOLT, individually and on behalf of their respective businesses, and on behalf of all others similarly situated.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| DONEYDA PEREZ as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV GROUP HOLDINGS, LLC, a Delaware Corporation, LONSTEIN LAW OFFICES, P.C., a New York Professional Corporation; SIGNAL AUDITING, INC., a New York Corporation, JULIE COHEN LONSTEIN and WAYNE M. LONSTEIN,<br><br>Defendants. | Case No.: 8:16-CV-01440-JLS-DFM<br><br>**DECLARATION OF LISA L. CLAY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:   August 19, 2022<br>Time:  10:30 a.m.<br>Dept.:  8A |

- 1 -
DECLARATION OF LISA L. CLAY

# DECLARATION OF LISA L. CLAY

I, Lisa L, Clay, declare:

1. I am an attorney duly authorized to practice law in the State of Illinois (active) Washington (inactive) and Washington, D.C. (inactive). I am admitted *pro hac vice* in the above matter.

2. I provide this declaration based on my personal knowledge unless otherwise stated on the basis of information and belief and would testify competently thereto if called as a witness.

3. I am one of the attorneys for Plaintiffs and provide this declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, which seeks in part to appoint me and my co-counsel Kevin Mahoney and Katherine J. Odenbreit as class counsel.

4. I have been practicing law since 2002. I began my career as an associate with the law firm of McGuireWoods LLP where my practice focused on commercial and employment litigation. I was exposed to class cases early in my career and was fortunate to be mentored by a number of skilled and experienced class action attorneys during the five years I practice with McGuireWoods LLP.

5. I obtained additional and significant class experience during my tenure with the law firm of Shefsky & Froelich, now Taft, Stettinius & Hollister, most notably assisting in settlement before Magistrate Judge Nan R. Nolan (Ret.) in a large unclaimed property case, *Kennedy, et al v. City of Chicago,* 06 cv 4914.

6. I have been a solo practitioner since 2012. My primary area of focus is employment law, but I also do significant work defending victims of various "trolling" practices (piracy trolling under the Communications Act and copyright trolling under the Copyright Act), work I define as consumer protection law.

7. I represent plaintiffs in all manner of employment claims, including Title VII, FMLA, ADA, ADEA and wage claims. I am skilled in all aspects of federal litigation, both individual and class claims. Specifically, I have litigated a

number of class claims in the Northern District of Illinois in addition to the above-referenced actions. *See, e.g., et al v. Celtic Environmental Inc., et al*, No. 16 cv 9753; *Wood v. Long*, 16 cv 7419; *Hancox v. Ulta Salon, Cosmetics & Fragrance, Inc.*, No. 17 cv 1821; *Romo v. Durham School Services, L.P., et al.*, No. 17 cv 1929, *Salinas, et al v. Best Maids*, 19 cv 8390. Most recently, Judge Lefkow granted preliminary approval of a seven-figure class action settlement in *Mair v. Earthmed*, Case No. 19 cv 8107.

8. I became involved in this case after lead counsel Mahoney Law Group approached me to join the team as a subject matter expert on so-called piracy trolling claims based on the ABA Law Journal's piece regarding piracy claims under the Communications Act. [Who's the pirate? Lawyers join forces to fight allegedly bogus claims of pay-TV theft (abajournal.com)](#)

9. My role as co-counsel has focused largely on my subject matter expertise involving trolling schemes and my extensive experience with the lawyers that file these claims. In this case that expertise came from my significant experience handling claims against Julie Lonstein and her law firm, the Lonstein Law Offices.

10. I have been defending victims of trolling schemes since 2014. I estimate that I have informally advised or formally represented several hundred defendants in cases across the country. I am one of the few attorneys that will actively litigate these matters instead of settling. To that end, I have taken three piracy claims to trial and litigated at least 10 BitTorrent copyright trolling matters, including appeal to the Ninth Circuit. Although there are many attorneys who market themselves as experts in this area of law, I consider myself and the small team of attorneys with whom I collaborate the only people providing actual defense of these matters. For a representative sample of my work in this area, please review the dockets of cases including, but not limited to, *G&G Closed Circuit Events v. Jaime F. Castillo, et al.*, Case No. 14 cv 2073 (N.D. Ill.); *Clear Skies Nevada v. Hancock*, Case No. 15 cv 6708 (N.D Ill.); *Criminal Productions, Inc. v Does 1-32*, Case No. 2:17-cv-00550-

DECLARATION OF LISA L. CLAY

DN (D. Utah); *J&J Sports Productions Inc. v. Richard*, Case No. 18 cv 3133 (N.D. Ill.); *Malibu Media, LLC v. Mullins,* 18 cv 6447 (N.D. Ill.).

11. 7. I am a member of the Northern District of Illinois Court's trial bar and have presented cases before members of the Northern District bench four times, most recently in the case *Jankowski v. Dean Foods*, 16 cv 50103, which resulted in a $3.1 million jury verdict for my plaintiff/client.

12. Since mid-2019 when discovery began in this case, this case has represented a significant amount of my professional responsibilities, frequently accounting for 40 – 50 hours per week of my billable hours. I personally interviewed and oversaw co-counsel staff that interviewed hundreds of business owners who relayed eerily consistent stories to those of the Representative Plaintiffs. I have been substantively involved in all aspects of this matter, including multiple amendments to the initial pleadings, analysis and response to various motions to dismiss, countless discovery disputes and the mediation process.

13. Both lead counsel Katherine J. Odenbreit and I were stretched thin by the rigors of this case. I am proud of the work that we did on behalf of this class and the result that we obtained.

14. I have never faced any disciplinary action or received any sanction for misconduct or an ethical violation.

15. I have no known conflicts of interest with the class. I do not represent any class member in any manner outside this case. I do not have any financial or other interest in any of the Defendants. I also have no financial interest in the Class Administrator Simpluris.

16. Negotiations of the settlement underlying this Motion are by far the most complex I have experienced in my career. My co-counsel and DIRECTV's attorneys worked collaboratively with Judge Carl West (Ret.) for over a year to complete a settlement.

17. Both my co-counsel and DIRECTV's counsel have worked

collaboratively to address a number of unusually complex issues relating to the calculation of settlement payments, class notice and administration and settlement terms. These complexities arise because of the difficulties the parties had obtaining information about the class and the quality of the information that was eventually obtained.

18. It is my opinion, based on my substantial and significant experience litigating the claims giving rise to the RICO allegations in this matter, that the cumulative value of the settlement is an excellent result worthy of preliminary approval. This experience supports my opinion and that of my experienced co-/lead counsel that this is a fair, reasonable and adequate settlement for this class. Attorney Odenbreit and I both evaluated the strengths and weaknesses of the contested claims against the time, expenses and resources continued litigation would require, and collectively agreed that settlement was in the best interests of the class.

19. Although Plaintiffs remain confident in the strength of the underlying claims, the complexity, costs and litigation resources necessary to continue litigating convinced co-counsel and I that settlement was a better outcome, particularly in light of the anticipated 3 – 4 additional years of litigation the case would have required to see through to trial.

20. Since my appearance in this case I believe that I have adequately and fairly represented the interests of the class and have aggressively prosecuted this case to the best of my abilities, as the docket and results of my efforts and those of my co-counsel in this case reflect.

21. Between June of 2017 and December 31, 2020 I billed 1850.6 hours at $650/hour and incurred $9044.94 in costs. In January of 2021 I changed billing systems. Between January 1, 2021 to the date of this declaration I have billed over 320 hours at $650/hour and incurred $774.45 in costs. My total fees in this matter now exceed $1,400,000.00 and will continue to accrue. My costs to date are $9,819.39.

I declare under penalty of perjury under the laws of the United States and the States of California and Illinois that the foregoing is true and correct.

Executed on this 20th day of March, 2022 at Wheaton, Illinois.

                           /s/ Lisa L. Clay