Kevin Mahoney (SBN: 235367)
kmahoney@mahoney-law.net
Katherine J. Odenbreit (SBN: 184619)
kodenbreit@mahoney-law.net
Kate Nicole G. Blanco (SBN: 331344)
kblanco@mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 East Ocean Blvd., Suite 814
Long Beach, CA 90802
Telephone: (562) 590-5550
Facsimile: (562) 590-8400

Lisa L. Clay (*Pro Hac Vice*)
lisa@clayatlaw.com
**LISA L. CLAY, ATTORNEY AT LAW**
2100 Manchester Road, Suite 1612
Wheaton, IL 60187
Telephone: (630) 456-4818

Attorneys for Plaintiffs DONEYDA PEREZ, DANNY NISSEN, MARLYS NISSEN, JOSEPH ANGELO, GREGORY LAPLANTE and PAUL HOLT, individually and on behalf of their respective businesses, and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| DONEYDA PEREZ as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV GROUP HOLDINGS, LLC, a Delaware Corporation, LONSTEIN LAW OFFICES, P.C., a New York Professional Corporation; SIGNAL AUDITING, INC., a New York Corporation, JULIE COHEN LONSTEIN and WAYNE M. LONSTEIN,<br><br>Defendants. | Case No.: 8:16-CV-01440-JLS-DFM<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND SETTING OF FINAL APPROVAL HEARING**<br><br>Date: August 19, 2022<br>Time: 10:30 a.m.<br>Dept.: 8A<br><br>Fourth Amended Complaint Filed: December 17, 2020 |

The Court, having read and considered the papers filed in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement, the proposed class notice and other documents, having considered the arguments of counsel, and good cause appearing therefore,

**IT IS HEREBY ORDERED:**

1. That the Class Action Settlement Agreement ("Settlement" or "Settlement Agreement") file

2. d with the Court as Exhibit 1 to the Declaration of Katherine J. Odenbreit entered into by and between DONEYDA PEREZ, DANNY NISSEN, MARLYS NISSEN, JOSEPH ANGELO, GREGORY LAPLANTE and PAUL HOLT ("Plaintiffs"), individually and on behalf of Class Members (defined below), and Defendants DIRECTV Group Holdings, LLC, DIRECTV Holdings, LLC, DIRECTV, LLC (collectively, the "DIRECTV Defendants") (Plaintiffs and DIRECTV Defendants are hereinafter referred to as the "Signing Parties"), is fair, just, and reasonable and, therefore, meets the requirements for preliminary approval, subject to further consideration at the final approval hearing after the distribution of the Class Notices (Exhibits A, B and C to the Settlement Agreement) to the members of the Settlement Class.

3. For purposes of this Order, the court adopts all defined terms as set forth in the Settlement Agreement.

4. The following Class is conditionally certified for settlement purposes only: All businesses and business owners in the United States who had DIRECTV services installed in their commercial establishment; who were subsequently audited by Defendant Signal Auditing, Inc. ("Signal"); and who at any time after the day four years prior to the date on which the original Complaint was filed (August 4, 2012) through the date the Court grants preliminary approval of the Settlement received communications from Defendants Lonstein Law Offices, P.C., Wayne Lonstein, and/or Julie Cohen Lonstein, or on behalf of DIRECTV seeking

money for allegedly unauthorized use of DIRECTV licensed programming, including NFL Sunday Ticket or any other DIRECTV-related programming.

5. The Court finds, for settlement purposes only, the requirements of Federal Rule of Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b)(3) are satisfied.

6. Named Plaintiffs Doneyda Perez, Danny Nissen, Marlys Nissen, Joseph Angelo, Gregory LaPlante, and Paul Holt are appointed as Class Representatives. Kevin Mahoney and Katherine J. Odenbreit of Mahoney Law Group, APC and Lisa L. Clay, Attorney at Law, are appointed as Class Counsel.

7. The proposed notice plan is hereby approved as the best notice practicable. The proposed Class Notices attached to the Settlement Agreement as Exhibit A B and C are sufficient to inform the Class Members of the terms of the Settlement Agreement, their rights to receive monetary payments under the Settlement Agreement, their right to exclude themselves from the Settlement, and their right to lodge objections to the Settlement. The Court finds the notice requirements of Federal Rules of Civil Procedure 23 and applicable standards of due process are satisfied, and that the Class Notices adequately advises Class Members of their rights under the Settlement. Counsel for the Parties are authorized to correct any typographical errors that may be discovered in the Class Notices and make clarification, to the extent some are found or needed, so long as the corrections do not materially alter the substance of the Class Notices.

8. The notice response deadline will be sixty (60) days from the date of the initial mailing of the Notice. The procedures and sixty (60)-day deadline for members of the Class to request exclusion from or to object to the Settlement is adopted as described in the Settlement Agreement. Any Class Member who intends to object to final approval of the Settlement Agreement must submit a written objection to the Settlement Administrator by mail in accordance with the opt out proceedings described in the Class Notices attached as Exhibits A B and C to the

Settlement Agreement.

9. Simpluris is appointed to act as the Settlement Administrator pursuant to the terms of the Settlement Agreement. The Settlement Administrator is ordered to carry out the Settlement according to the terms of the Settlement Agreement and in conformity with this Order, including disseminating the Notices according to the notice plan described in the Settlement Agreement. Based upon the cost estimate submitted by Simpluris, the Court preliminarily approves administration costs in the amount of a maximum of seventy-five thousand dollars ($75,000.00) to be deducted from the Total Settlement Fund.

10. The Parties are ordered to carry out the Settlement according to the terms of the Settlement Agreement.

11. The Motion for Approval of Attorneys' Fees, Costs and Class Representative Incentive Awards will be filed no later than 15 days prior to the deadline for Settlement Class Members to request exclusion or object to the Settlement.

12. The Motion for Final Approval of the Settlement shall be filed and served no later than _____.

13. A Final Approval Hearing will be held on _____, at _____ a.m./p.m., to determine whether the Settlement Agreement should be granted final approval as fair, reasonable, and adequate as to the Settlement Class Members. The Court reserves the right to continue the date of the Final Approval hearing without further notice to Class Members. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement Agreement.

14. In the event the Settlement is not fully and finally approved, or otherwise does not become effective in accordance with the terms of the Settlement Agreement, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions before entering into the Settlement

Agreement. If the Settlement does not become final for any reason, the fact that the Parties were willing to agree to a settlement and the circumstances, proceedings, and documents related to the proposed Settlement shall have no bearing on, and will not be admissible in connection with litigation, whether through issue preclusive, estoppel or otherwise.

15. All proceedings in the action are stayed until Final Approval of the Settlement.

IT IS SO ORDERED.

DATED: _____     _____
HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT